# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-959V
Filed: August 21, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| AMY LEE DILLSON, | |
| Petitioner, | Damages Decision Based on Proffer; Influenza; Shoulder Injury ("SIRVA") Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Danny Ray Ellis*, Massey & Associates, P.C., Chattanooga, TN, for petitioner.
*Alexis Babcock*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 8, 2014, Amy Dillson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury caused by an October 10, 2012 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 21, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury which respondent conceded was a shoulder injury related to vaccine administration ("SIRVA"). On August 21, 2015, respondent filed a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $70,000.00 for actual and projected pain and suffering.[3]  Proffer at 1.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $70,000.00 in the form of a check payable to petitioner, Amy Dillson.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] I note that the proffer is mis-captioned to the extent that it refers to "Amy Dillson" rather than "Amy Lee Dillson" as above.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|   |   |   |
|---|---|---|
| AMY DILLSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 14-959 |
| v. | ) | Chief Special Master Vowell |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on May 25, 2015.

A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $70,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.     Past Unreimbursable Expenses

Petitioner has not submitted documentation for unreimbursed expenses in this case, and thus respondent proffers that petitioner should not be awarded any amount for unreimbursed expenses. Petitioner agrees.

C.     Lost Wages

The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her earning capacity. Therefore, respondent proffers that petitioner

should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

II.   **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $70,000.00 in the form of a check payable to petitioner.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Alexis B. Babcock
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

Dated: August 21, 2015     Telephone: (202) 616-7678